**Byron Adelso RUANO–ORELLANO,**
**Petitioner**

v.

**ATTORNEY GENERAL OF THE**
**UNITED STATES.**

No. 05–4876.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action

Under Third Circuit LAR 27.4 and

I.O.P. 10.6 Jan. 26, 2006.

Decided Feb. 16, 2006.

Ephraim T. Mella, Philadelphia, PA, for Petitioner.

Anthony J. LaBruna, Jr., Office of United States Attorney, Newark, NJ, for Attorney General of the United States.

Before SLOVITER, McKEE and FISHER, Circuit Judges.

OPINION

PER CURIAM

This petition originated as a habeas petition in the United States District Court for the District of New Jersey. The petition sought release from detention and a stay of removal pending this Court's adjudication of his then-pending petition for review. It also argued that the Board of Immigration Appeals' (BIA's) decision denying his motion to reopen was in error.

Soon after the habeas petition was filed, two significant things occurred. First, this Court denied Ruano–Orellano's petition for review of the BIA's decision denying his motion to reopen. *See Ruano–Orellano v. Attorney General,* 130 Fed.Appx. 521 (3d Cir.2005) (not precedential opinion). Second, the Congress passed the REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, 119 Stat. 231 (May 11, 2005). On the Government's motion, the District Court transferred the petition to this Court pursuant to section 106(c) of that act.

To the extent the original habeas petition challenged Ruano–Orellano's order of removal, we would normally treat it as a timely-filed petition for review. *See Bonhometre v. Gonzales,* 414 F.3d 442, 446 (3d Cir.2005). However, because we have already decided his petition for review of the BIA's April 12, 2004 decision, we must dismiss the petition for lack of jurisdiction. *See* 8 U.S.C. § 1252(d)(2) (court may review final order of removal only if another court has not decided validity of order). To the extent he seeks release and a stay of removal pending this Court's adjudica-

tion of the petition for review filed at 04–2306, that request is moot.[1]

We will therefore dismiss the petition.

1. To the extent Ruano–Orellano remains in BICE custody and continues to seek release from detention, such a claim should be presented to the district court in the district in which he is detained. *See Bonhometre v. Gonzales,* 414 F.3d 442, 445–46 (3d Cir.2005) (recognizing that the Real ID Act made petitions for review the exclusive means for judicial review of orders of removal, but did not eliminate district court habeas jurisdiction over challenges to detention); 28 U.S.C. § 2241.